UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| RED SUN ENERGY LONG AN COMPANY LIMITED<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Court No. 23-00198 |

## COMPLAINT

Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade, Plaintiff, Red Sun Energy Long An Company Limited ("Red Sun"), by and through its counsel, alleges and states as follows:

## JURISDICTION

1. Plaintiff brings this action pursuant to, and in accordance with, section 516A(a)(2) of the Tariff Act of 1930, as amended (codified at 19 U.S.C. § 1516a(a)(2)), contesting the final determination issued by the U.S. Department of Commerce ("Commerce") in <u>Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Final Scope Determination and Final Affirmative Determinations of Circumvention with Respect to Cambodia, Malaysia, Thailand, and Vietnam</u>, 88 Fed. Reg. 57,419 (Aug. 23, 2023) ("<u>Final Determination</u>"), as it applies specifically to Plaintiff. This Court has jurisdiction over this matter under 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2).

**STANDING**

2. Plaintiff, Red Sun Energy Long An Company Limited ("Red Sun"), is a foreign producer and exporter of the merchandise examined in the anti-circumvention inquiry proceeding that is contested here. Plaintiff therefore is an interested party within the meaning of 19 U.S.C. § 1677(9)(A). Plaintiff participated in the anti-circumvention inquiry through submission of factual information and written argument, and thus is a party to the proceeding as defined in 19 C.F.R. §351.102(b). As an interested party that actively participated in the underlying administrative proceeding, plaintiff has standing pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

**TIMELINESS**

3. The subject <u>Final Determination</u>, which is being challenged herein, was published in the <u>Federal Register</u> on August 23, 2023. <u>Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Final Scope Determination and Final Affirmative Determinations of Circumvention with Respect to Cambodia, Malaysia, Thailand, and Vietnam</u>, 88 Fed. Reg. 57,419 (Aug. 23, 2023), and accompanying Issues and Decision Memorandum ("IDM") (Aug. 17, 2023). On September 18, 2023 – within 30 days after notice of the <u>Final Determination</u> was mailed to Plaintiff and all other interested parties via electronic mail on August 18, 2023 – Plaintiff filed a summons to initiate this action. Accordingly, this action was commenced within the period specified in 19 U.S.C. § 1516a(a)(2)(A)(ii). This complaint is being filed within 30 days of the filing of the summons. Therefore, according to the provisions of 19 U.S.C. § 1516a(a)(2)(A) and Rule 3(a)(2) of the Rules of the U.S. Court of International Trade, this action has been timely brought.

## STANDARD OF REVIEW

4.       This Court reviews final determinations issued by Commerce pursuant to 19 U.S.C. § 1677j to determine whether they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law."  19 U.S.C. § 1516a(b)(1)(B)(i).

## PROCEDURAL HISTORY

5.       On December 7, 2012, Commerce published in the Federal Register antidumping duty and countervailing duty orders on crystalline silicon photovoltaic cells and modules from China.  Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules from the People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value, and Antidumping Duty Order, 77 Fed. Reg. 73018 (Dec. 7, 2012), and Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, form the People's Republic of China: Countervailing Duty Order, 77 Fed. Reg. 73017 (Dec. 7, 2012) (collectively, "Solar Cells Orders").

6.       On February 8, 2022, Auxin Solar Inc. ("Auxin"), a small domestic producer of solar panels, filed a circumvention inquiry request pursuant to 19 U.S.C. § 1677j(b)(1) alleging that solar cells and modules completed in Cambodia, Malaysia, Thailand, or Vietnam using parts and components manufactured in China are circumventing the Solar Cells Orders.  See Allegation from Cassidy Levy Kent LLP, "Auxin Solar's Request for an Anti-Circumvention Ruling Pursuant to Section 781(b) of the Tariff Act of 1930, as Amended" (Feb. 8, 2022).  Between February 8, 2022, and April 1, 2022, interested parties filed numerous letters concerning their views on the circumvention allegation.

7.       On April 1, 2022, Commerce initiated country-wide anti-circumvention inquiries on the Solar Cells Orders covering crystalline silicon photovoltaic cells ("CSPV") whether or not

assembled into modules, which are completed in Cambodia, Malaysia, Thailand, or Vietnam using parts and components form China and subsequently exported to the United States. <u>Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Initiation of Circumvention Inquiry on the Antidumping Duty and Countervailing Duty Orders</u>, 87 Fed. Reg. 19071 (Apr. 1, 2022).

8. On March 30, 2022, Commerce issued quantity and value ("Q&V") questionnaires in the Vietnam segment of the circumvention inquiries based on U.S. Customs and Border Protection ("CBP") data and producers identified in Auxin's allegations. Commerce Memorandum to the File, "Notification of Issuance of Quantity and Value Questionnaires to Certain Vietnamese Companies," (Mar. 30, 2022). Plaintiff was listed as a company selected to respond to the issued Q&V questionnaire. <u>Id</u>. Based on an extension granted by Commerce to all interested parties, the deadline for selected companies to respond to the Q&V questionnaires was April 22, 2022. Commerce Memorandum to the File, "Extension of the Deadline to Respond to the Quantity and Value Questionnaire," (Apr. 20, 2022).

9. Plaintiff submitted its Q&V questionnaire response on April 29, 2022. <u>See</u> Letter to Red Sun from Commerce (Dec. 1, 2022) ("Rejection Letter"). Plaintiff did not retain any counsel to prepare or file its Q&V submission to Commerce, and it was a first-time respondent before Commerce.

10. On May 12, 2022, Commerce selected two mandatory respondents for the Vietnam segment of the circumvention inquiries: Boviet Solar Technology Co., Ltd. ("Boviet") and Vina Solar Technology Company Limited ("Vina Solar"). Commerce Memorandum, "Circumvention Inquiry with Respect to the Socialist Republic of Vietnam: Respondent Selection," (May 12, 2022) ("Vietnam Respondent Selection Memorandum").

11. On December 1, 2022, Commerce preliminary determined that imports of CSPV cells and modules exported from Cambodia, Malaysia, Thailand, and Vietnam using parts and components from China are circumventing the AD and CVD Solar Cells Orders. Commerce published its preliminary determination of circumvention in the Federal Register. <u>Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Preliminary Affirmative Determinations of Circumvention with Respect to Cambodia, Malaysia, Thailand, and Vietnam</u>, 87 Fed. Reg. 75221 (Dec. 8, 2022) ("Preliminary Determination") and accompanying preliminary decision memorandum ("PDM") (Dec. 1, 2022).

12. In the Preliminary Determination, Commerce used facts available with adverse inferences for the companies that did not respond or did not timely respond to Commerce's Q&V questionnaire. PDM, at 12. Plaintiff was listed as a company receiving adverse inferences based on its "failure to respond to the Q&V questionnaire." Id., at Appendix. Plaintiff was the only company, out of eight companies receiving adverse facts available, that responded to Commerce's Q&V questionnaire. Id., at 2. The remaining seven companies did not submit any Q&V questionnaire response. Id.

13. As part of its preliminary determination, Commerce instituted certification and documentation requirements whereby U.S. importers and foreign exporters must (1) certify that imports of solar cells and modules from the inquiry countries were not produced using wafers producers in China,[1] and (2) to maintain supporting documentation thereof, in order for cash

---

[1] The Appendix VI certification also permits an importer and exporter to certify that subject solar modules were produced using Chinese wafers and that no more than two of the following inputs were produced in China: silver paste, aluminum frames, glass, backsheets, EVA, and junction boxes. 87 Fed. Reg. 75221, and accompanying PDM at Appendix VI. This was unchanged in the Final Determination.

deposits pursuant to the Solar Cells Orders not to be required. Id., at 26–27. Companies to which Commerce used facts available with adverse inferences were determined to have "not cooperated to the best of their abilities" and that each of the companies therefore met "the criteria for finding circumvention." Id., at 14. Consequently, such companies were deemed ineligible to participate in the certification scheme. Id.

14. On December 13, 2022, Commerce placed a rejection memorandum on ACCESS rejecting Plaintiff's Q&V submission dated April 29, 2022, as untimely. See Rejection Letter; see also Memorandum to the File, "Removal of Documents from the Record," (Dec. 1, 2022). The rejection memorandum itself was dated December 1, 2022. The rejection memorandum did not describe whether Plaintiff attempted any additional filings on or before the due date for the Q&V responses.

15. On January 6, 2023, after having retained counsel, plaintiff submitted a letter to Commerce requesting that it supplement the rejection memorandum and place all correspondence with plaintiff on the record. See Letter from Red Sun, "Request to Supplement Rejection Memo and Place Correspondence with Red Sun on the Record," (Jan. 6, 2023).

16. On April 19, 2023, plaintiff submitted a case brief to Commerce commenting on issues related to the preliminary determination. See Brief from Red Sun, "Red Sun's Second Tranche Case Brief," (Apr. 19, 2023). Plaintiff once again requested that Commerce supplement the record by placing all correspondence with plaintiff on the record, including Workflow® communications and ACCESS confirmation receipts in response to ACCESS filings by Red Sun. Id.

17. On July 18, 2023, plaintiff, by and through its counsel, participated in the public hearing regarding the circumvention inquiries before Commerce. At the hearing, plaintiff once

again requested that Commerce place all correspondence with Red Sun on the record.  See generally, "Public Hearing Transcript in the Administrative Review of Solar Cells from China Circumvention Inquiries Covering Cambodia, Malaysia, Thailand and Vietnam," (July 18, 2023).

18. On August 23, 2023, Commerce published its Final Determination in the Federal Register.  88 Fed. Reg. 57419.  In its Final Determination, Commerce continued to find that CSPV cells and modules produced in Thailand using parts and components manufactured in China and exported to the United States were circumventing the Solar Cells Orders.  Id.  Commerce applied its determination on a country-wide basis, thereby subjecting inquiry merchandise exported from Vietnam to importer and exporter certifications and document retention requirements in order not to be subject to AD and/or CVD requirements.  Id.

19. Commerce continued to use facts available with adverse inferences to companies that did not submit a Q&V response or untimely submitted a Q&V response.  Id., and accompanying IDM at Comment 13.  Regarding plaintiff, Commerce refused to complete the record, and found that plaintiff's untimely submission amounted to a failure to act to the best of its ability.  Id., at Comment 9.

### ISSUES PRESENTED BY THE ACTION AND PLAINTIFF'S STATEMENT OF CLAIMS

20. In the following respects, and for other reasons apparent from the record of the administrative proceeding, Commerce's final determination in its anticircumvention inquiry proceeding is unsupported by substantial evidence and otherwise not in accordance with law.

### COUNT ONE

21. Paragraphs one through twenty are incorporated herein by reference.

22. In the Final Determination, Commerce continued to apply facts available with

adverse inferences to plaintiff based on its untimely Q&V submission. Id., at Comment 9. While Commerce asserted that it does "afford respondents additional assistance (e.g., small companies) when they have difficulty meeting reporting requirements," the record was not complete here to demonstrate whether Red Sun requested for assistance. Id. Commerce stated that "regardless of whether the record contains" complete information on the circumstances surrounding plaintiff's filing, plaintiff's filing was untimely. Id. Commerce therefore determined that due to plaintiff's "inattentiveness," it failed to act to the best of its ability pursuant to 19 U.S.C. §1677e, and therefore the use of facts available with adverse inferences was warranted. Id.

23. Without a complete record, Commerce defenses only amount to circular reasoning. Any correspondence between Commerce and plaintiff that occurred prior to plaintiff's April 29, 2022, submission is relevant to addressing numerous statutory and regulatory questions relevant to plaintiff's contention that it tried to cooperate to the best of its ability. For example, the current record lacks information to evaluate whether Commerce followed guidance in 19 U.S.C. § 1677m(c)(2) that it "shall take into account any difficulties experienced by the interested parties, particularly small companies…and shall provide to such interested parties any assistance that is practicable." Similarly, if plaintiff attempted to file its Q&V response on or before April 22, 2022, the record lacks information to understand whether or the extent to which Commerce provided Red Sun "a written explanation of the reasons for not accepting the information" as instructed in 19 U.S.C. §1677m(f). Along this same line, if plaintiff attempted to file a Q&V response within the established due date but the submission did not conform to requirements for establishing business proprietary treatment of information under 19 C.F.R. § 351.304, the current ACCESS record would lack information to evaluate whether Commerce

provided "a written explanation" to plaintiff regarding the reasons for the rejection and its options to conform the submission as described in 19 C.F.R. § 351.304(d)(1).

24.     The burden on Commerce in completing the record with all correspondence with plaintiff was very minimal.  First, plaintiff was a *pro se* respondent and the complete record would show its filing attempts and correspondence on filing concerns with Commerce officials.  Commerce's refusal to supplement the record with complete correspondence from a *pro se* respondent was an abuse of discretion.  Commerce failed to provide any reasoned explanation for why it determined to not complete the administrative record, despite being asked to do so three times.  Therefore, Commerce's refusal to supplement the administrative record with all correspondence, including ACCESS records, and Workflow® communications with plaintiff was arbitrary and amounts to an abuse of discretion.

## COUNT TWO

25.     Paragraphs one through twenty-four are incorporated herein by reference.

26.     Commerce's decision to reject Plaintiff's Q&V response occurred 216 days after plaintiff's April 29, 2022, filing and 203 days after Commerce selected Vina Solar and Boviet as the mandatory respondents.  The Vietnam Respondent Selection Memorandum acknowledged that plaintiff submitted a Q&V response, albeit untimely, and did not mention any attempts by plaintiff to file on or prior to the April 22, 2022, due date.

27.     The ease with which Commerce made its respondent selection decision 13 days after ACCESS registered a Q&V response by plaintiff demonstrates that this response arrived with sufficient time to minimize any finality concerns the Commerce may have had regarding respondent selection.  In addition, the record indicates that the two mandatory respondents selected accounted for a large share of inquiry merchandise during the period 2016 through

2021.  See Vietnam Respondent Selection Memorandum.  That plaintiff was acting *pro se* provides a general indication regarding the size of this company and the size of its interest in this inquiry.  It is reasonable to assume that such a company would not represent any significant share of exports such that it might be selected as a mandatory respondent.  Thus, these facts, when viewed together with other factors articulated in court precedent, establish that Commerce's rejection of plaintiff's Q&V submission was an abuse of discretion.

## COUNT THREE

28. Paragraphs one through twenty-seven are incorporated herein by reference.

29. In order to apply facts available with an adverse inference to a party, Commerce must first make a determination that the party "failed to cooperate" pursuant to 19 U.S.C. § 1677e(b)(1).  Here, Commerce's determination that plaintiff "failed to cooperate" is not supported by the record.  Commerce's claim that plaintiff did not indicate it was having difficulty responding or otherwise attempting to respond in a timely manner is not supported by the record and Commerce notably refused to supplement the record with information relevant to this issue.  Commerce never demonstrated how plaintiff's conduct amounts to a failure to cooperate considering that there may be evidence in Commerce's possession but not on the record relevant to evaluating plaintiff's attempts to cooperate.  Even if Commerce does not accept plaintiff's late filing, it cannot find that plaintiff failed to cooperate on an incomplete record.

## COUNT FOUR

30. Paragraphs one through twenty-nine are incorporated herein by reference.

31. As a consequence of its use of facts available with adverse inferences, Commerce precluded companies which have received such adverse inferences from using the Appendix VI

certification scheme for entries of inquiry merchandise. Commerce's authority to punish and penalize respondent parties for failures to cooperate is not unlimited and is bound by 19 U.S.C. § 1677e, which grants Commerce authority to make determinations on the basis of facts available. Commerce's Final Determination fails to adequately explain how plaintiff's Q&V response is relevant to any determination Commerce needed to make other than respondent selection. The Q&V response had no connection to a prospective certification process that allows exporters and importers to accurately present to U.S. Customs facts about the good presented for entry.

32. Commerce never explained what source of information under § 1677e(b)(2) it relied upon when determining to deny plaintiff the ability to certify the contents of its future exports of modules to the United States. This prospective determination about the contents of plaintiff's future exports cannot be an "applicable determination" that Commerce needs to make or could reasonably make. Commerce's denial to plaintiff of an ability to make certifications under Appendix VI is therefore arbitrary, an abuse of discretion, and unsupported by record evidence.

## DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

33. For the reasons stated above, Plaintiff respectfully requests that the Court:

    (a)    enter judgment in Plaintiff's favor;

    (b)    declare that with respect to the issues raised in this Complaint, Commerce's determinations and all related findings and conclusions are unsupported by substantial evidence on the record or are otherwise not in accordance with law;

    (c)    remand these matters to Commerce for redetermination consistent with the Court's opinion; and

**Court No. 23-00198**  **Complaint**

    (d)    provide such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jonathan M. Freed

Jonathan M. Freed
MacKensie R. Sugama

**TRADE PACIFIC PLLC**
700 Pennsylvania Avenue, SE, Suite 500
Washington, DC  20003
Tel:  (202) 223-3760
jfreed@tradepacificlaw.com

Counsel for Red Sun Energy Long An Company Limited

October 18, 2023